```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


DERRICK SUGGS,                  )
                                )  Civil Action
            Plaintiff           )  No. 02-cv-03521
                                )
     vs.                        )
                                )
AMOCO OIL COMPANY,              )
                                )
            Defendant           )


                        *   *   *

APPEARANCES:
        ROBERT A. GELINAS, ESQUIRE
            On behalf of Plaintiff

        GEORGE A. PRUTTING, JR., ESQUIRE
            On behalf of Defendant

                        *   *   *
```

RULE 16 STATUS CONFERENCE ORDER

NOW, this 28th day of January, 2003, after status conference conducted by telephone with the undersigned on this date, pursuant to Rule 16 of the Federal Rules of Civil Procedure, and by agreement of counsel,

IT IS ORDERED that defendant shall be precluded from offering at trial the testimony of Dr. Stanley Askin, an orthopaedic surgeon, concerning plaintiff's second independent medical examination (IME) conducted January 20, 2003, unless on or before February 5, 2003 defendant provides plaintiff's counsel with the name, address, curriculum vitae and a signed, written report, of the physician, containing a summary of the

examination, and the physician's observations, findings, conclusions, diagnosis, prognosis, treatment recommendations and opinions.

IT IS FURTHER ORDERED that on or before February 6, 2003 plaintiff's counsel shall advise the undersigned whether or not, in the joint view of counsel, settlement of this case is feasible.

IT IS FURTHER ORDERED, by agreement of counsel, that plaintiff shall not offer into evidence at trial, or otherwise seek to recover damages for, any medical bills of psychiatrist Dr. Clancy McKuzi, or of any other practitioner, for psychiatric, psychological or psycho-social treatment of plaintiff.

IT IS FURTHER ORDERED that counsel shall confer and attempt to stipulate concerning the amount, reasonableness, and necessity, of plaintiff's medical bills, and on or before February 7, 2003, defense counsel shall provide the undersigned with a written stipulation, or advise the undersigned that no stipulation is attainable.  In the event the parties are unable to stipulate, each counsel shall provide the undersigned on or before February 14, 2003, a memorandum of law concerning the reasonableness and necessity of plaintiff's medical bills.

IT IS FURTHER ORDERED that counsel for all parties and all unrepresented parties shall appear before Magistrate Judge Charles B. Smith in chambers on February 10, 2003 at 1:30 o'clock

p.m. for a settlement conference.  All parties to the litigation, whether represented by counsel or not, and lead trial counsel of record for each represented party, shall attend the settlement conference.  In addition, unless ordered by Magistrate Judge Smith to be personally present, liability insurance company representatives with final settlement authority shall be available to counsel by telephone throughout the entire conference.

<u>IT IS FURTHER ORDERED</u> that all motions in limine shall be filed and served on or before February 18, 2003.

<u>IT IS FURTHER ORDERED</u> that a non-jury trial of the within case shall commence before the undersigned on Monday, March 31, 2003, at 9:30 o'clock a.m. in Courtroom B, Edward N. Cahn United States Courthouse, 504 West Hamilton Street, Allentown, Pennsylvania, or as soon thereafter as the schedule of the court permits.  This Order shall serve as a formal attachment for trial.

BY THE COURT:

_____
James Knoll Gardner
United States District Judge